NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOSHUA STEVEN COHN, *Appellant.*

No. 1 CA-CR 15-0590
FILED 5-24-2016

Appeal from the Superior Court in Maricopa County
No.  CR2014-00584-001
The Honorable Brian D. Kaiser, Judge *Pro Tempore*
The Honorable Annielaurie Van Wie, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Adams
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Randall M. Howe joined.

---

**G O U L D**, Judge:

¶1 Joshua Steven Cohn ("Defendant") appeals from his convictions and sentences for two counts of aggravated DUI. He argues the court violated his constitutional right to be present at trial when, after his girlfriend's death, it denied his motion for a mistrial or a continuance on the grounds he was too mentally distraught to participate in the trial. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Defendant was stopped by police at 2:30 a.m. because his car's license plate light was out. The officers noticed signs of impairment and performed field sobriety tests. Based on Defendant's performance, he was arrested for suspicion of DUI and required to submit to a blood draw. The blood test revealed Defendant had amphetamine and methamphetamine in his system. Defendant's license was suspended at the time of the traffic stop.

¶3 Defendant was charged with two counts of aggravated DUI, both class four felonies. On May 26, 2015, after jury selection was complete, Defendant's long-term girlfriend was killed in a traffic accident. Before the start of trial on May 27, Defendant moved for a mistrial or a continuance on the grounds he was too distraught to participate in the trial or assist his attorney.

¶4 The court verified that Defendant's girlfriend had been killed on May 26. However, the court denied Defendant's motion for a mistrial or, alternatively, a four-day continuance. Instead, the court granted a one-day continuance to May 28.

¶5 Trial resumed the next morning, May 28. The State filed a motion in limine to preclude any mention of Defendant's girlfriend's death, and Defendant sought reconsideration of his motion for mistrial. The court granted the State's motion and denied Defendant's motion for

reconsideration. Trial commenced and the State began presenting its evidence.

**¶6** After the weekend, on June 1, Defendant filed a Rule 11 motion claiming he was not competent to stand trial. The court denied the motion based on its observations of Defendant on May 28. Specifically, the court explained that it had observed Defendant's demeanor during the proceedings on May 28 and had noted Defendant was alert, calm, taking notes, and communicating with his attorney.

**¶7** Defendant was convicted of both counts. The State proved Defendant had a historical prior felony conviction. Accordingly, the court sentenced Defendant to concurrent terms of 3.5 years' imprisonment. Defendant timely appealed.

## DISCUSSION

**¶8** Defendant argues the court violated his due process right to be present at trial by denying his motion for mistrial and only granting him a one-day continuance. Defendant was physically present for the entire trial; however, he argues his emotional distress over the recent death of his girlfriend rendered him mentally absent throughout the trial. He asserts this mental absence amounted to structural error.

I.    Structural Error

**¶9** Structural error is error that infects "'the entire trial process' from beginning to end." *State v. Ring*, 204 Ariz. 534, 553, ¶ 46 (2003) (quoting *Neder v. United States*, 527 U.S. 1, 8 (1999)). To determine whether a defendant's absence may be structural error, we consider "the character of the proceeding from which the defendant was excluded . . . to ascertain the impact of the constitutional violation on the overall structure of the criminal proceeding." *State v. Garcia-Contreras*, 191 Ariz. 144, 148, ¶ 16 (1998) (quoting *Hegler v. Borg*, 50 F.3d 1472, 1477 (9th Cir. 1995)).

**¶10** Defendant was physically present for the entire trial. In addition, the record shows he was mentally engaged during all significant portions of the trial including jury selection and presentation of the State's case. On the second day of trial, after his girlfriend's death, Defendant's attorney saw him quietly crying while the court read the preliminary jury instructions. After trial was continued to the morning of May 28, the court observed that Defendant was mentally present and engaged, and was assisting his attorney during the trial.

¶11      Accordingly, we conclude Defendant was not involuntarily absent from any portion of the trial. *Compare Garcia-Contreras*, 191 Ariz. at 149 ¶¶ 17, 22 (defendant's involuntary physical absence during jury selection, resulting from a delay in the arrival of the defendant's civilian clothing for trial, was structural error). We therefore find no structural error.

II.      Motion for Mistrial

¶12      A trial court has broad discretion to grant or deny a motion for mistrial. *State v. Bible*, 175 Ariz. 549, 598 (1993). This remedy "'should be granted only when it appears that justice will be thwarted unless the jury is discharged and a new trial granted.'" *State v. Dann*, 205 Ariz. 557, 570, ¶ 43 (2003) (quoting *State v. Adamson*, 136 Ariz. 250, 262 (1983)).

¶13      The record shows Defendant was emotional and visibly upset on May 27. The court, however, decided to grant the interim remedy of a short continuance rather than the drastic remedy of a mistrial. After the continuance, when trial commenced on May 28, Defendant appeared to be calm, attentive and engaged. Based on the record, we are unable to conclude the court abused its discretion in denying Defendant's motion for mistrial.

III.      Motion to Continue

¶14      We review the trial court's denial of a motion to continue for an abuse of discretion. *State v. Forde*, 233 Ariz. 543, 555, ¶ 18 (2014). We will not disturb the trial court's ruling "unless it clearly appears that the discretion of the trial court has been so abused as to prejudice the defendant." *State v. Eisenlord*, 137 Ariz. 385, 391 (App. 1983).

¶15      The court acted within its discretion in granting a one-day continuance and denying Defendant's request for a four-day continuance. A number of factors weighed in the court's decision. The court explained that a longer continuance was unlikely to significantly alter Defendant's emotional situation, and the stress of trial would also be present if a longer continuance were granted. Additionally, the court considered the limited availability of the jury and its own calendar conflicts, which weighed against a longer continuance.

¶16      Finally, the record shows the court's decision did not prejudice Defendant. During presentation of the evidence, Defendant was able to take notes, communicate with his attorney, and maintain a calm demeanor. Defendant does not now contend that grief prevented him from

testifying. Indeed, although there was discussion of Defendant's intent to testify during trial, the court's ruling permitting the State to impeach Defendant with his two prior felony convictions likely weighed in Defendant's ultimate decision not to testify. Thus, in our review, the court's grant of a short continuance was not an abuse of its discretion.[1]

## CONCLUSION

¶17      For the reasons above, we affirm Defendant's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: ama

---

[1]      The sudden and extraordinary nature of the circumstances in this case, in combination with the demands of a busy criminal calendar, placed the court in a difficult position. However, it is incumbent upon the court to apply justice humanely. Although it was within the court's discretion to grant a one-day continuance, the more compassionate remedy may have been to grant a longer continuance.